■ RITA COLLINS, Appellant, v GREATER NEW YORK SAVINGS BANK, Respondent. [598 NYS2d 544] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (G. Aronin, J.), entered August 28, 1990, which, upon a jury verdict finding that the defendant was not at fault in the happening of the accident, is in favor of the defendant and against her.

Ordered that the judgment is affirmed, with costs.

On January 26, 1990, the day the trial on the liability portion of the plaintiff's action began, the defendant informed the plaintiff and the court that it intended to call an expert witness at trial. Over the plaintiff's objection, the court permitted the defendant's expert to testify. The plaintiff contends that because the defendant had violated CPLR 3101 (d), the trial court erred in permitting the defendant's expert to testify. We disagree.

CPLR 3101 (d) (1) (i) provides that "[u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify". The foregoing provision clearly places the burden on the party seeking information to take the initiative in requesting such information (see, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.52b). The record is devoid of any request by the plaintiff pursuant to CPLR 3101. Thus, the defendant had no duty to supply the plaintiff with its expert's identity and the subject matter of the expert's testimony. Moreover, since the plaintiff never made a request pursuant to CPLR 3101 (d) (1) (i), she cannot assert that the defendant violated the statute by failing to show "good cause" for retaining an expert at such a late date. Accordingly, the trial court properly denied the plaintiff's request to preclude the defendant's expert testimony.

We have considered the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Eiber and Pizzuto, JJ., concur.